IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVIS GRIFFIN AND KURLENE GRAY, <br> **Plaintiffs,** <br><br> v. <br><br> UPPER MERION TOWNSHIP, <br> MUNICIPALITY OF NORRISTOWN, <br> AND SMITH OWNER LLC, <br> **Defendants.** | CIVIL ACTION <br><br><br><br><br> NO. 23-3020 |

## MEMORANDUM OPINION

Plaintiffs Avis Griffin and Kurlene Gray seek money damages from Defendants Upper Merion Township, the Municipality of Norristown, and Smith Owner LLC. Their Complaint contains several claims against each defendant, all of which stem from a May 2022 police search of Griffin and Gray's apartment. Presently pending are Defendants' respective motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' motions will be granted.

### I.   FACTUAL BACKGROUND

The Complaint alleges the following facts, which are accepted as true in this posture. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Griffin and Gray previously shared an apartment in King of Prussia, Pennsylvania. They leased this apartment from Defendant Smith Owner LLC ("Smith"), and their lease stipulated that the unit would be occupied only by them (along with one Kiley Gray, who is not a party to this lawsuit). The lease further stated that Smith could grant law enforcement access to the unit "with a search or arrest warrant, or in hot pursuit."

On May 13, 2022, officers and detectives from the Upper Merion and Norristown police

departments executed a search warrant on the apartment.  Detective John W. Wright had obtained this warrant the day prior from a Montgomery County magistrate judge.  In the probable cause affidavit accompanying his warrant application, Detective Wright described an ongoing investigation into several robberies, assaults, and thefts allegedly involving Griffin's son, Tyrone.  Police had just arrested Tyrone, and according to the affidavit, they believed that the apartment—which they had observed him repeatedly entering and leaving in recent weeks—might contain evidence relating to these crimes.  Notwithstanding this attestation, the Complaint describes the search as part of a custom, policy, or practice by these police departments of offering pretextual justifications to obtain search warrants against persons with no connection to an actual investigation.

Neither Griffin nor Gray were present when law enforcement personnel arrived to execute the search warrant.  Instead, an employee of their landlord, Smith, granted police access to the unit—without first being provided with a copy of the search warrant.  Once inside, police discovered and sized approximately $45,000 in cash from Griffin's bedroom.  No receipt was ever provided for this seizure, and the money has never been returned.  Police further arranged for Griffin's vehicle to be impounded.

## II. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* When analyzing a motion to dismiss, the complaint must be construed "in the light most favorable to the plaintiff," with the question being "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Legal conclusions are disregarded, well-pleaded facts are taken as true, and a determination is made as to whether those facts state a "plausible claim for relief." *Id.* at 210-11. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).[1]

### III. DISCUSSION

#### A. Claims Against Smith Owner LLC

Griffin and Gray press two claims against their landlord stemming from the search of their unit: (1) breach of contract, and (2) intrusion upon seclusion. Neither survives Smith's motion to dismiss.

In order to state a claim for breach of contract under Pennsylvania law, a plaintiff must establish the existence of a contract (including its essential terms), a breach of a duty imposed by the contract, and resultant damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003). Here, Griffin and Gray point to their lease with Smith, which allowed for entry to the unit "by a law officer with a search or arrest warrant, or in hot pursuit." Alleging that Smith's employee failed to verify the existence of the search warrant before allowing police access to the unit, they argue that this failure entitles them to recover damages. But Griffin and Gray do not

---

[1] Thus, while Smith's motion includes an affidavit from one of its employees, such material may not be considered at this stage. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1425 (3d Cir. 1997).

dispute that police actually had a valid warrant when they undertook the search; indeed, their Complaint includes a copy of the warrant, describes it in detail, and expressly states that "[o]n May 13, 2022, officers and detectives from the Upper Merion and Norristown Police Departments executed the Search Warrant at the Apartment." Because of that warrant, police had all the authority they needed when they entered the unit—irrespective of any action by Smith or its employees. To the extent Griffin and Gray believe that their lease agreement (attached as an exhibit to the Complaint) required Smith to verify the search warrant's existence or validity at some point prior to the search, the portions of the lease to which their Complaint refers impose no such obligation.

      Plaintiffs' tort claim fails for much the same reason. To state a claim for intrusion upon seclusion, "a plaintiff must aver that there was an intentional intrusion on the seclusion of their private concerns which was substantial and highly offensive to a reasonable person, and aver sufficient facts to establish that the information disclosed would have caused mental suffering, shame or humiliation to a person of ordinary sensibilities." *Pro Golf Mfg., Inc. v. Trib. Rev. Newspaper Co.*, 809 A.2d 243, 247 (Pa. 2002). While Griffin and Gray's Complaint contains the conclusory assertion that Smith's actions "invaded the Plaintiffs' privacy," nowhere do they explain why this is so in light of the warrant police obtained prior to entering the unit. Plaintiffs point to only one decision—from Oregon's Supreme Court—which they maintain is "virtually directly on point." *See Mauri v. Smith*, 929 P.2d 307 (Or. 1996). In fact, that case is inapposite. It involved a private process server who, after trying unsuccessfully to force his way into an apartment, enlisted police to enter the unit without the owner's permission and serve a copy of a civil summons. *Id.* at 308-09. Not only does the case have no precedential value, but it is also distinguishable in that its facts are entirely different from the facts of this case, where the only

4

entry was by police pursuant to a valid search warrant.

Because Griffin and Gray's Complaint failed to state a claim against Smith for which relief can be granted, Smith's motion will be granted. Moreover, because any amendment would be futile, this dismissal will be without leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### B. Claims Against the Municipal Defendants

In addition to their claims against Smith, Griffin and Gray press several claims against Upper Merion Township and Norristown—the municipalities whose officers executed the search. These claims, too, do not survive Defendants' motions to dismiss.

#### i. Tort Claim

Plaintiffs advance the same claim for intrusion upon seclusion claim against the municipal defendants as they did against Smith. This claim fails for two reasons. First, as discussed above, the police officers who entered Griffin and Gray's apartment did so pursuant to a valid warrant. Second, intrusion upon seclusion is an intentional tort, and Pennsylvania municipalities "may not be held liable for the willful misconduct of [their] employees." *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Commw. 2014). Under the state's Torts Claims Act, "liability may be imposed on a local agency only for negligent acts." *Id.*; *see* 42 Pa. C.S. § 8542(a)(2). Moreover, because any amendment would be futile, this claim will be dismissed with prejudice. *See Grayson*, 293 F.3d 108.

#### ii. State Constitutional Claim

Pennsylvania's constitution provides that: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures," Pa. Const. art. I, § 8, and Griffin and Gray argue that the municipal defendants violated this right when conducting the

search of their apartment.  But their suit seeks money damages, and Pennsylvania courts do not recognize a cause of action for money damages under the state's Fourth Amendment analog. *Jones v. City of Phila.*, 890 A.2d 1188, 1213-15 (Pa. Commw. 2006).  While Griffin and Gray argue that Pennsylvania courts have not foreclosed the possibility of declaratory relief or nominal damages for state constitutional law claims, *see id.* at 1216, and they represent that they will seek only these remedies, the ad damnum clause of the Complaint as currently plead does reflect that representation.

### iii.   Fourth Amendment Claim

Griffin and Gray's final claim centers on their allegation that at all times relevant this case, the municipal defendants "had an unconstitutional custom, policy and/or practice with respect to obtaining and executing search warrants . . . against persons whose actions were unrelated to the underlying events upon which the search warrant was based."  The search at issue in this suit was a part of this unconstitutional scheme, they argue, and it therefore violated their right to be free from "unreasonable searches and seizures," as guaranteed by the federal constitution.  U.S. Const. amend. IV.[2]

But claims must be premised on "factual content," not "conclusory statements," and Griffin and Gray's Complaint fails to plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Municipalities can sometimes be liable for the constitutional violations of their employees, but only when "the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. N.Y. City*

---

[2] Though the statute is not cited in the complaint, all parties treat this claim as arising under 42 U.S.C. § 1983.

*Dept. of Social Servs.*, 436 U.S. 658 (1978)).  In all instances, "the Plaintiffs have the burden of showing that a government policymaker is responsible by action or acquiescence for the policy or custom."  *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 250 (3d Cir. 2007).  Here, the factual allegations in the Complaint are insufficient to meet this standard.  Griffin and Gray do not allege that an official with "'final authority to establish municipal policy with respect to the action' issued an official statement of policy."  *Id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)).  They do not allege unconstitutional conduct directly by such a policy-making official.  *Id.*  And they do not allege facts showing the existence of an unconstitutional custom "'so permanent and well settled' that [it] operate[s] as law."  *Id.* (quoting *Monell*, 436 U.S. at 690).  The Complaint merely states that there was "an unconstitutional custom, policy and/or practice" to obtain search warrants under false pretenses with no additional facts—precisely the kind of conclusory allegation that is insufficient to survive a motion to dismiss post-*Iqbal*.

    An appropriate order follows.

                                      **BY THE COURT:**

                                      **/s/Wendy Beetlestone, J.**

                                      **WENDY BEETLESTONE, J.**